Submitted on record and briefs July 31, affirmed October 4, 2006

STATE OF OREGON,
*Respondent,*

*v.*

SHARLA LYNN WELLS,
*Appellant.*

02102355; A124511

144 P3d 1077

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of possession of a controlled substance, ORS 475.992, and argues on appeal that the trial court erred in admitting into evidence two lab reports prepared by an employee of the Oregon State Police Forensic Laboratory (OSP lab) that named defendant as a suspect and reported the presence of methamphetamine on certain items seized from defendant's home. Defendant argues that the admission of the reports denied her the right to confront witnesses guaranteed by the Sixth Amendment to the United States Constitution, as interpreted by the United States Supreme Court in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004).

In *State v. Miller*, 208 Or App 424, 434-38, 144 P3d 1052 (2006), we held that lab reports such as those at issue here constitute "testimonial" evidence for purposes of Sixth Amendment protections, but that ORS 475.235, as interpreted by the Oregon Supreme Court in *State v. Hancock*, 317 Or 5, 854 P2d 926 (1993), satisfied Confrontation Clause concerns because, under that statute, "the state will call the criminalist if the defendant elects to have it do so." *Id.* at 11.

The present case differs from *Miller*, in which we held that the trial court correctly denied the state's *in limine* motion where the state sought the admission of lab reports without first giving the defendant an opportunity to elect to have the state call the authors of the reports. *Miller*, 208 Or App at 440-41. Here, by contrast, the trial court, in admitting the reports, noted that defendant had the opportunity under ORS 475.235 to subpoena the author of the reports.[1] Defendant did not do so but, instead, objected to the admission of the reports on Confrontation Clause grounds. The trial court admitted the reports over defendant's objection.

---

[1] In contrast to *Miller*, the prosecutor in the present case acknowledged that, under ORS 475.235, defense counsel could

"actually have the crime lab person come and testify at no expense to them. * * * So if the defendant had wanted to have the criminalist here they could certainly make notice that they wanted him here. They can either subpoena them themselves at no cost, or have the State do that. [Defense counsel] at no time did that."

On appeal, defendant acknowledges that, under ORS 475.235, as interpreted by the court in *Hancock*, she could have subpoenaed the author of the reports and the state then would have had to call as a witness the author of the reports in order to introduce them into evidence. Defendant argues that that procedure "impermissibly shifts [to defendant] the state's burden, as the proponent of the evidence, of establishing the admissibility of the laboratory report." The court in *Hancock*, however, held that the procedure in question comported with the Sixth Amendment. Nothing in *Crawford* or later cases from the United States Supreme Court calls *Hancock* into question. *Hancock*, therefore, is controlling.

Affirmed.