Submitted on record and briefs August 18, affirmed December 6, 2006

STATE OF OREGON,
*Respondent,*

*v.*

LLOYD KENNETH DIBBERN, JR.,
*Appellant.*

C031680CR; A123792

149 P3d 170

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and David Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Ortega and Rosenblum, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals his convictions for manufacturing a controlled substance, ORS 475.992(1)(b),[1] commercial delivery of a controlled substance, ORS 475.992(1)(b) and ORS 475.996(1)(b), possession of a controlled substance, ORS 475.992(4), nine counts of being a felon in possession of a firearm, ORS 166.270, and unlawful possession of a firearm, ORS 166.272. He challenges the admission of evidence that the substance found in his home was methamphetamine and the sufficiency of the evidence supporting the classification of his delivery of methamphetamine as a commercial drug offense. We reject without discussion his challenge to the sufficiency of the evidence, and we affirm the trial court's admission of the laboratory reports.

The trial court admitted two laboratory reports prepared by an employee of the Oregon State Police Forensics Laboratory that established that the substance found in defendant's home on a triple-beam scale and inside two small plastic bags was methamphetamine. Defendant argues that the admission of the reports denied him the right to confront the author of the reports in violation of the Sixth Amendment to the United States Constitution as interpreted by the United States Supreme Court in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). We recently addressed defendant's argument in *State v. Wells*, 208 Or App 480, 482, 144 P3d 1077 (2006). We concluded that Confrontation Clause concerns are satisfied by the availability of a procedure, under ORS 475.235, that allows a defendant to subpoena the author of the reports and to require the state to call the subpoenaed witness in order to introduce the reports into evidence. *See also State v. Hancock*, 317 Or 5, 854 P2d 926 (1993). As in *Wells*, defendant's inability to confront the author of the reports flowed from his failure to avail himself of that procedure. *Hancock* and *Wells* are controlling.

Affirmed.

---

[1] *Former* ORS 475.992 (2001) and *former* ORS 475.996 (2001) were renumbered in 2005 as ORS 475.840 and ORS 475.900, respectively. For convenience, we refer to the numbering of the 2001 version of the statutes—the version in effect when defendant committed the offenses.