Submitted on record and brief June 30, sentences vacated; remanded for resentencing; otherwise affirmed July 27, 2005

STATE OF OREGON,
*Respondent,*

*v.*

GARY WAYNE MOTSINGER,
*Appellant.*

021244; A120560

117 P3d 313

Stephanie Hortsch, Deputy Public Defender, filed the brief for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Daniel J. Casey, Assistant Attorney General, filed the brief for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Linder* and Schuman, Judges.

* Linder, J., *vice* Richardson, S. J.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions for manufacture of a controlled substance and possession of a controlled substance. On appeal, he raises four assignments of error, only one of which requires discussion.

After a jury convicted defendant, the trial court "merged" the two convictions for sentencing purposes. The court found that there were substantial and compelling reasons to depart from the presumptive probationary sentence, and it sentenced defendant to 18 months' imprisonment, followed by 24 months of post-prison supervision. To support its dispositional departure, the court found that "[p]robation would serve no useful purpose." To support its durational departure, the court found that defendant was "on probation in the State of Alaska when this crime was committed."

Although he did not preserve his claim in the trial court, defendant now argues that the trial court erred in relying on those factors to support its departure sentence. In *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we held that it was error under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), for a court to rely on unadmitted and unproven facts, other than the fact of a prior conviction, in imposing a departure sentence. We also held that the error was apparent on the face of the record. The same principles apply here.

Sentences vacated; remanded for resentencing; otherwise affirmed.