Argued and submitted November 6, 2006, decision of Court of Appeals reversed, judgment of circuit court reversed, and case remanded to circuit court for further proceedings April 19, 2007

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## WILLIAM ERNEST BIRCHFIELD,
*Petitioner on Review.*

### (CC 021254735; CA A123284; SC S53363)

157 P3d 216

Garrett A. Richardson, Portland, argued the cause and filed the petition for petitioner on review.

Paul L. Smith, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Balmer, Kistler, and Walters, Justices.**

WALTERS, J.

---

** Carson, J., retired December 31, 2006, and did not participate in the decision of this case. Linder, J., did not participate in the consideration or decision of this case.

**WALTERS, J.**

At issue in this case is whether the admission of a laboratory report at defendant's criminal trial violated his right "to meet the witnesses face to face" under Article I, section 11, of the Oregon Constitution or his right "to be confronted with the witnesses against him" under the Sixth Amendment to the United States Constitution. Over defendant's pretrial objection, the trial court, pursuant to ORS 475.235 and this court's decision in *State v. Hancock*, 317 Or 5, 854 P2d 926 (1993), allowed the state to introduce the laboratory report without calling the criminalist who prepared it to testify and without demonstrating that the criminalist was unavailable. Defendant was convicted of attempted possession of a controlled substance and appealed. The Court of Appeals affirmed defendant's conviction in a per curiam opinion, citing *Hancock. State v. Birchfield*, 204 Or App 689, 131 P3d 804 (2006). We allowed defendant's petition for review and now reverse the decision of the Court of Appeals and the judgment of the trial court.

On December 6, 2002, a Portland Police Officer arrested defendant for driving under the influence of intoxicants (DUII) and, incident to that arrest, searched defendant. In defendant's right jacket pocket, the officer discovered a glass tube resembling a kind of pipe used to smoke cocaine. The officer seized the pipe and sent it to the Oregon State Police laboratory. A criminalist at the laboratory analyzed the pipe's contents and returned a written report stating that the pipe contained cocaine residue. The state charged defendant with attempted possession of a controlled substance.[1]

Before trial, defendant objected to the admissibility of the criminalist's laboratory report as hearsay and informed the court and the state that he wished to have the state call the criminalist to testify at trial. In response to the state's argument that defendant could subpoena the criminalist himself, defendant asserted that making his right to confront the state's witness dependent on his procuring the state's witness to testify was unconstitutional. Relying on

---

[1] The state also charged defendant with driving under the influence of intoxicants (DUII), reckless driving, and failure to appear on a criminal citation.

ORS 475.235 and *Hancock*, the trial court overruled defendant's objection. At trial, the state did not call the criminalist or demonstrate that the criminalist was unavailable. The trial court admitted the laboratory report over defendant's continued objection. The jury convicted defendant of attempted possession of a controlled substance, and he appealed.[2] As noted, the Court of Appeals affirmed defendant's conviction.[3] The present review proceeding followed.

Central to this case is a statute, ORS 475.235, which provides, in part:

"(4)  In all prosecutions in which an analysis of a controlled substance or sample was conducted, a certified copy of the analytical report signed by the director of a state police forensic laboratory or the analyst or forensic scientist conducting the analysis shall be accepted as prima facie evidence of the results of the analytical findings.

"(5)  Notwithstanding any statute or rule to the contrary, the defendant may subpoena the analyst or forensic scientist to testify at the preliminary hearing and trial of the issue at no cost to the defendant."[4]

By its terms, ORS 475.235 allows the admission of a laboratory report containing an analysis of a controlled substance into evidence without requiring the state to call the criminalist who prepared the report to testify and allows the defendant to subpoena the criminalist to testify at no cost to the defendant.

This court considered a challenge to ORS 475.235 in *Hancock* and decided that, on its face, it did not violate the right to confrontation provided by the state and federal constitutions.[5] The court reached its conclusion by interpreting

---

[2] The jury also convicted defendant of failure to appear on a criminal citation, but found him not guilty of DUII and reckless driving.

[3] On appeal, defendant did not challenge his conviction for failure to appear on a criminal citation.

[4] Although ORS 475.235 has been amended several times since its enactment, the operative text of the statute at issue here has remained substantively unchanged. For that reason, we discuss the current version of the statute.

[5] Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face[.]"

the statute to require the defendant to notify the state that she wished to exercise the right to cross-examine the criminalist. The court explained that the procedure that the statute contemplated was simply "a formalized way of asking a defendant to stipulate to use of the criminalist's report, rather than requiring that the criminalist be called to establish that particular element of the offense." *Hancock*, 317 Or at 11. The court reasoned that, if the defendant did not wish to stipulate to the use of the report, then the defendant could subpoena the criminalist and the subpoena would serve to "put the state on notice" that the defendant wished to have the state prove its case "the old-fashioned way"—*i.e.*, by calling the criminalist. *Id.* at 12. The court determined that requiring such notice was a " 'reasonable procedure' that must be followed in order for a defendant to exercise a constitutional right—in this case, the confrontation right." *Id.* at 10.

Although *Hancock* described ORS 475.235 as providing a simple procedure that requires a defendant to notify the state that the state should produce the criminalist for cross-examination, the opinion also included a sentence stating that the statute requires a defendant to ensure the attendance of the criminalist: "[i]f a defendant wants to cross-examine the criminalist, he or she must subpoena the criminalist." *Id.* at 12. The court in *Hancock* did not consider the distinction between requiring a defendant to give notice to the state that the state should procure a witness for trial and obliging the defendant to subpoena the state's witness. Instead, the court essentially equated the notice and subpoena concepts, making the decision to uphold the facial validity of the statute much easier. In the present case, by contrast, we must directly confront the question whether the constitutional right to meet a witness face to face is violated where a defendant gives notice, but then fails to issue a subpoena.

Defendant argues that requiring him to secure the attendance of a witness against himself to cross-examine

---

The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]"

that witness violates his state and federal rights to confrontation. Defendant requests that this court re-examine the ruling in *Hancock* under the light shone by this court's decision in *State v. Moore*, 334 Or 328, 49 P3d 785 (2002), and the decision of the United States Supreme Court in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004), both of which were decided after *Hancock*.

■■ We turn first to Article I, section 11, of the Oregon Constitution and this court's decision in *Moore*.[6] In that case, the state called a police officer to testify to statements that the victim had made to him. The defendant objected on the grounds that the victim's statements were hearsay and that the victim was not present to testify. The state conceded that it had not made a good-faith effort to produce the victim for trial or to demonstrate that she was unavailable to testify. The state argued, however, that it was not required to make that showing. *Moore*, 334 Or at 332. The state urged this court to abandon the two-part test that this court had adopted to analyze the admissibility of hearsay statements under Article I, section 11, the first prong of which required the proponent of a hearsay statement to demonstrate the unavailability of the declarant. *See State v. Campbell*, 229 Or 633, 648, 705 P2d 694 (1985) (adopting two-part test established in *Ohio v. Roberts*, 448 US 56, 100 S Ct 2531, 65 L Ed 2d 597 (1980)). In so advocating, the state relied on the reasoning of certain United States Supreme Court cases that, it argued, had dispensed with the unavailability prong of the two-part test used to analyze the federal Confrontation Clause.

After a thorough discussion of the historical purpose and values embodied in the confrontation right, this court reaffirmed the unavailability requirement for purposes of Article I, section 11. *Moore*, 334 Or at 338-41. The court emphasized that the focus when considering the strictures of the Oregon Constitution had been and would continue to be on "necessity as the justification for admitting hearsay against a criminal defendant, once confrontation became

---

[6] We consider and dispose of all questions of state law before reaching a claim that this state's law falls short of a standard imposed by the federal constitution. *State v. Kennedy*, 295 Or 260, 262, 666 P2d 1316 (1983).

impossible." *Id.* at 339. The court specifically held that the state, not the defendant, bears the burden of producing the witness for confrontation by the defendant:

> "Before the state may introduce into evidence a witness's out-of-court declarations against a criminal defendant, the state must produce the witness at trial or demonstrate that the witness is unavailable to testify."

334 Or at 341.

Although *Moore* did not expressly overrule *Hancock*, the two cases are at odds. The statement in *Hancock* that a defendant "must" subpoena the criminalist to exercise the right of confrontation places the legal responsibility to produce the declarant on the defendant. *Moore,* by contrast, places that responsibility on the state. 334 Or at 341.

As discussed above, the court reached its result in *Hancock* by casting the procedure that ORS 475.235 requires as a notice requirement. The court likened that notice requirement to requirements that a defendant disclose the names and addresses of witnesses, reports of experts, and documents that the defendant wishes to introduce at trial, or the requirement to give notice of an alibi defense. *Hancock,* 317 Or at 12 (citing ORS 135.835 and ORS 135.455). In all those instances, however, a defendant simply must provide the state with information that the defendant has, that the defendant controls, and that the defendant will present on the defendant's behalf in the defendant's case. None of that evidence implicates a defendant's right to confrontation, because it is evidence that the defendant will adduce.

A notice requirement also imposes a different practical burden on a defendant than does a subpoena requirement. For instance, the statutory requirements that a defendant disclose witnesses or defenses each call for a one-time notice to the district attorney. ORS 135.835; ORS 135.455. Similarly, to comply with a requirement to notify the state that the state should produce the criminalist for trial, a defendant is required to take only one step—that is, sending or giving notice to one known person, opposing counsel, who is easy to locate. However, to *subpoena* the criminalist, who is or was at one time an employee of the state, the defendant is

required to learn the criminalist's identity and location, issue the subpoena, and then take additional time-consuming steps to ensure service and attendance at trial. Moreover, the criminalist, in all likelihood, could be an adverse witness with no incentive to cooperate in that process.

A statutory requirement that a defendant notify the state that the defendant will insist on the right to cross-examine the state's witness cannot be equated, as suggested in *Hancock*, with a requirement that a defendant undertake and fulfill the state's obligation to secure the attendance of a state's witness at trial. To the extent that *Hancock* holds to the contrary, it was wrongly decided and should no longer be relied upon. *See Stranahan v. Fred Meyer, Inc.*, 331 Or 38, 54, 11 P3d 228 (2000) (court may reconsider prior ruling when principled argument demonstrates ruling wrongly decided).

A subpoena requirement and the burden that it imposes are different both in kind and degree from a typical notice requirement. When a subpoena is required, a defendant is not merely offered an opportunity to choose whether to stipulate to the admission of paper evidence; rather, the defendant is forced to secure the attendance of the witness who is the proponent of that evidence. Viewing the issue presented in light of *Moore*, it is clear that the transfer of legal responsibility to secure the attendance of the declarant from the state to the defendant cannot withstand constitutional scrutiny. The right to meet an opposing witness face to face cannot be transformed into a duty to procure that opposing witness for trial. It is the state that seeks to adduce the evidence as to which the criminalist will testify. The defendant has a constitutional right to confront the proponent of that evidence, the criminalist. The legislature may require the defendant to assert that right or to design a procedure to determine whether the defendant agrees that a written report will suffice. But, to require that a defendant do more changes the right to insist that the state present evidence the "old-fashioned way" into an obligation to procure a witness for the state.

We hold that the trial court's admission of the laboratory report without requiring the state to produce at trial the criminalist who prepared the report or to demonstrate

that the criminalist was unavailable to testify violated defendant's right to confront the witness against him under Article I, section 11, of the Oregon Constitution. We need not reach the question of whether the admission of the laboratory report also violated the federal Confrontation Clause.[7]

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[7] Defendant also challenged the constitutionality of ORS 475.235 on the ground that the requirement that the court accept the laboratory report as *prima facie* evidence of the results of the analytical findings impermissibly shifts the burden of proof to a criminal defendant, in violation of the right to due process. Because we resolve this case on confrontation grounds, we do not reach that argument.