On appellant's petition for reconsideration filed April 20; respondent's response to petition for reconsideration filed May 10; and appellant's response to respondent's response to petition for reconsideration filed May 23; reconsideration allowed; former disposition (212 Or App 219, 157 P3d 796) withdrawn; convictionson Counts 1-6 reversed and remanded; conviction on Count 8 affirmed; remanded for resentencing October 3, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANTONIO BALTAZAR MARROQUIN,
*Defendant-Appellant.*

Washington County Circuit Court
C041873CR; A127366

168 P3d 1246

Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services, for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney General, for response.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant petitions for reconsideration of our decision affirming without opinion a judgment of conviction for two counts of possession of a controlled substance, two counts of manufacture of a controlled substance, and two counts of delivery of a controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005), and one count of tampering with physical evidence, ORS 162.295. *State v. Marroquin*, 212 Or App 219, 157 P3d 796 (2007). On appeal, defendant argued, among other things, that the admission of a laboratory report that confirmed the presence of controlled substances, without requiring the state to produce the criminalist who prepared the report at trial, violated his right to confrontation under the Sixth Amendment to the United States Constitution.[1] Shortly after we issued our decision, the Supreme Court decided *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), which held that requiring a criminal defendant to subpoena the criminalist who prepared a laboratory report, pursuant to ORS 475.235 (set forth below), violated the defendant's right to confrontation under Article I, section 11, of the Oregon Constitution.[2] In light of *Birchfield*, defendant petitions for reconsideration of our previous decision. We conclude that the admission of the laboratory report, without requiring the state to produce at trial the criminalist who prepared the report or to demonstrate that that person was unavailable, is plain error in light of *Birchfield*, and we exercise our discretion to correct it. Accordingly, we grant reconsideration, withdraw our former disposition, and reverse and remand defendant's drug-related convictions.[3]

---

[1] The Confrontation Clause of the Sixth Amendment to the United States Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]"

[2] Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face[.]"

[3] Defendant was also convicted of one count of tampering with physical evidence, ORS 162.295. Because the facts underlying that conviction were independent from the laboratory report, our decision does not affect that conviction.

The relevant facts are undisputed. At trial, the state offered the crime laboratory report, and defendant objected on the ground that its admission violated his Sixth Amendment right to confrontation as explained in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). The court overruled the objection, reasoning that defendant had a statutory right, pursuant to ORS 475.235, to subpoena the criminalist who prepared the laboratory report and that his failure to do so, in effect, constituted a waiver of his right to confront that person. We affirmed the trial court's judgment of conviction without opinion. *Marroquin*, 212 Or App at 219.

Defendant petitions for reconsideration, arguing that, shortly after our decision, the Supreme Court decided *Birchfield*, which, he contends, resulted in "a change in the statutes or case law since the Court of Appeals' decision" and requires reversal of his convictions. ORAP 6.25(1)(d). We agree with defendant that *Birchfield* significantly changed the Supreme Court's prior case law. Accordingly, we grant defendant's petition and reconsider our previous decision in light of *Birchfield*.

ORS 475.235 governs the admission of laboratory reports that analyze controlled substances; it provides, in part:

> "(4)   In all prosecutions in which an analysis of a controlled substance or sample was conducted, a certified copy of the analytical report signed by the director of a state police forensic laboratory or the analyst or forensic scientist conducting the analysis shall be accepted as prima facie evidence of the results of the analytical findings.

> "(5)   Notwithstanding any statute or rule to the contrary, the defendant may subpoena the analyst or forensic scientist to testify at the preliminary hearing and trial of the issue at no cost to the defendant."

In this case, the trial court relied on ORS 475.235 in admitting the laboratory report; it reasoned that defendant had waived the right to cross-examine the criminalist who prepared the laboratory report by failing to utilize the statutory procedure in ORS 475.235 to subpoena that person to trial.

Before we turn to the merits of defendant's argument, we must first address the issue of preservation.

■    To preserve an issue for review, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Here, defendant failed to preserve a claim that admitting the laboratory report, without requiring the state to produce at trial the criminalist who prepared it or to demonstrate that that person was unavailable to testify, violated his right to confrontation under the Oregon Constitution.[4] Nonetheless, by asking us to reconsider our prior decision in light of *Birchfield*, he now implicitly asks us to review that issue.

■    This court has discretion to review unpreserved plain errors of law that are "apparent on the face of the record." ORAP 5.45(1). To constitute plain error, the error must (1) be an error of law, (2) be apparent, meaning the legal point is obvious, not reasonably in dispute, and (3) appear on the face of the record such that we "need not go outside the record or choose between competing inferences to find it." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). To determine whether an error is plain, we examine it in light of the law as it exists at the time of the appeal and not as of the time the trial court rendered the challenged ruling. *State v. Jury*, 185 Or App 132, 139, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003).

---

[4] In his opening brief, defendant argued only that the admission of the laboratory report violated his rights under the Sixth Amendment; he did not raise the closely related argument under Article I, section 11, of the Oregon Constitution. Ordinarily, we will not consider arguments raised for the first time on reconsideration. *State v. Schneider*, 204 Or App 710, 713, 131 P3d 842, *rev den*, 341 Or 392 (2006). In this case, in the interest of applying settled law regarding the state constitution—as opposed to deciding an open issue under the federal constitution—we address defendant's argument under Article I, section 11. *See State v. Kennedy*, 295 Or 260, 266-67, 666 P2d 1316 (1983) ("[A]n Oregon court should not readily let parties, simply by their choice of issues, force the court into a position to decide that the state's government has fallen below a nationwide constitutional standard, when in fact the state's law, when properly invoked, meets or exceeds that standard.").

■ Here, the first and third requirements of plain error are satisfied; determining whether the admission of the laboratory report violates defendant's confrontation rights involves a question of law, *see State v. Galloway*, 202 Or App 613, 618, 123 P3d 352 (2005), *rev den*, 340 Or 201 (2006), and the predicate facts necessary to assess that question of law appear on the face of the record. Accordingly, we focus on the second requirement; specifically, whether it is obvious that the trial court erred in admitting the laboratory report without requiring the state to call the criminalist as a witness or to demonstrate that the criminalist was unavailable.

Because we assess whether the error, if any, was "obvious" in light of the law "as of the time the appeal is decided," *Jury*, 185 Or App at 136, we begin with a brief discussion of the Supreme Court's decision in *Birchfield*. There, the Supreme Court concluded that, to the extent that the subpoena procedure in ORS 475.235 transfers the legal responsibility of securing the attendance of the criminalist who prepares a laboratory report from the state to the defendant, the statute violates Article I, section 11, of the Oregon Constitution. 342 Or at 631-32.

Prior to trial, the defendant in *Birchfield* notified the court that he intended to cross-examine the criminalist who prepared the laboratory report that confirmed that the pipe seized from him contained cocaine, but he did not subpoena that person pursuant to ORS 475.235(5). *Id.* at 626. At trial, the state did not call the criminalist as a witness or demonstrate that the criminalist was unavailable. *Id.* at 627. The defendant objected to the admission of the laboratory report, arguing that "making his right to confront the state's witness dependent on his procuring the state's witness to testify [as required by ORS 475.235] was unconstitutional." *Id.* at 626. The trial court overruled the defendant's objection and the defendant was convicted of attempted possession of a controlled substance. *Id.* at 627. We affirmed the judgment of the trial court. *State v. Birchfield*, 204 Or App 689, 131 P3d 804 (2006). The Supreme Court reversed, agreeing with the defendant.

The court focused its analysis on ORS 475.235 and reexamined its prior interpretation of that statute in *State v.*

*Hancock*, 317 Or 5, 854 P2d 926 (1993), in which the court had concluded that the subpoena procedure did not violate the state or federal constitution because it was merely a method of putting "the state on notice that the defendant wants to cross-examine the criminalist." *Hancock*, 317 Or at 12. In *Birchfield*, the Supreme Court acknowledged the inconsistency between its interpretation of ORS 475.235 in *Hancock*, which placed the "legal responsibility to produce the [criminalist] on the defendant" by requiring that the defendant "subpoena the criminalist [under ORS 475.235] to exercise the right of confrontation," and *State v. Moore*, 334 Or 328, 341, 49 P3d 785 (2002), which held that "the state, not the defendant, bears the burden of producing the witness for confrontation by the defendant[.]" 342 Or at 630. The court explained that

> "[a] statutory requirement that a defendant notify the state that the defendant will insist on the right to cross-examine the state's witness cannot be equated, as suggested in *Hancock*, with a requirement that a defendant undertake and fulfill the state's obligation to secure the attendance of a state's witness at trial. *To the extent that Hancock holds to the contrary, it was wrongly decided and should no longer be relied upon.*"

*Id.* at 631 (emphasis added). Ultimately, the court concluded that, to the extent that ORS 475.235 transfers the legal responsibility of securing the attendance of the criminalist from the state to the defendant, it violates the defendant's constitutional right to confront the proponent of the evidence under Article I, section 11, of the Oregon Constitution. *Id.* at 631-32. Because the court resolved the case on state constitutional grounds, it did not address whether the subpoena procedure in ORS 475.235 also violates the federal confrontation clause. *Id.* at 632.

Returning to the case at hand, we conclude that, in light of *Birchfield*, the admission of the laboratory report, which confirmed that the substances seized from defendant's apartment were methamphetamine and cocaine, without requiring the state to produce at trial the criminalist who prepared the report or to demonstrate that the criminalist was unavailable, was obvious error under Article I, section 11.

■■■■  Our conclusion that the admission of the laboratory report was plain error in light of *Birchfield* does not end our inquiry; we still must choose whether to exercise our discretion to consider, or not to consider, the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). In making that decision, we consider several factors, including "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Id.* at 382 n 6.

For the reasons that follow, we choose to exercise our discretion to correct the error in this case. First, the gravity of the error is sufficient to warrant correction. The crime laboratory report was critical to the state's case against defendant. *See State v. Pitt*, 209 Or App 270, 280, 147 P3d 940 (2006), *adh'd to on recons*, 212 Or App 523, 159 P3d 329 (2007) (explaining that we generally exercise discretion to review plain error when the erroneously admitted evidence was "essential or critical" to the state's case). Defendant's six drug-related convictions arose from the cocaine and methamphetamine that was seized from his apartment; the laboratory report confirmed that the substances were cocaine and methamphetamine and stated the quantity of each substance. Second, the policies behind the general rule requiring preservation are not offended by our exercise of discretion in this situation. Here, the law regarding the admissibility of crime laboratory reports has changed significantly since defendant's trial. At the time of trial, *Hancock* was controlling. Under *Hancock*, the admission of the laboratory report without requiring the state to produce its author or to prove that the author was unavailable did not violate defendant's right to confrontation and, thus, it was reasonable for defendant to not object to the laboratory report on state constitutional grounds. *See State v. Dibbern*, 209 Or App 602, 603, 149 P3d 170 (2006), *vac'd and rem'd*, 343 Or 159, 164 P3d 1160 (2007) ("Confrontation Clause concerns are satisfied by the availability of a procedure, under ORS 475.235[.]"); *State v. Miller*, 208 Or App 424, 440, 144 P3d 1052, *adh'd to on recons*, 210 Or App 176, 149 P3d 1251 (2006) (concluding that

ORS 475.235 as interpreted and applied in *Hancock* was constitutional). In addition, even if defendant had preserved his state constitutional objection, the trial court, we presume, would have reached the same conclusion; that is, it would have overruled defendant's objection based on *Hancock*. Accordingly, there is little, if any, likelihood that the record would have developed differently if defendant had objected under the Oregon Constitution. *But cf. State v. Thackaberry*, 194 Or App 511, 516-17, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005) (refusing to consider a claim that a laboratory report was erroneously admitted for the first time on appeal when the record would have developed differently had defendant preserved his objection). For those reasons, we choose to exercise our discretion to correct the trial court's error in admitting the crime laboratory report.

Reconsideration allowed; former disposition withdrawn; convictions on Counts 1-6 reversed and remanded; conviction on Count 8 affirmed; remanded for resentencing.