On respondent's petition for reconsideration filed November 7, 2007, reconsideration allowed; former opinion (215 Or App 339, 168 P3d 803 (2007)) modified and adhered to as modified; former disposition withdrawn; affirmed January 23, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRENT ADAM RANEY,
*Defendant-Appellant.*

Multnomah County Circuit Court
040733733; A128025

175 P3d 1024

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, for petition.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

WOLLHEIM, J.

.

## WOLLHEIM, J.

The state seeks reconsideration of our decision in *State v. Raney*, 215 Or App 339, 168 P3d 803 (2007), in which we held that one of defendant's claims of error on appeal was error apparent on the face of the record under ORAP 5.45(1).[1] In our previous opinion, we concluded that, in light of the Supreme Court's holding in *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), the admission into evidence of a laboratory report that confirmed that the baggie seized from defendant's vehicle contained methamphetamine was reversible error, even though defendant did not object to its admission in the trial court. In *Birchfield*, the court held that the admission of a laboratory report without first requiring the state to produce the author of the report violated the defendant's confrontation rights under Article I, section 11, of the Oregon Constitution, and that the defendant's objection to its admission should have been sustained.

In its petition for reconsideration, the state contends that (1) the claimed error is not one apparent on the face of the record because the resolution of defendant's claim requires us to choose from competing inferences about whether defendant waived his objection, and (2) even assuming that admission of the report constitutes error apparent on the face of the record, we should not exercise our discretion to review the claim of error under these circumstances. For the reasons explained below, we allow the state's petition, modify our former opinion and disposition, and affirm defendant's judgment of conviction.

We agree with the state that competing reasonable inferences may be drawn from the record as to whether the admission of the laboratory report was error. One of those inferences is that defendant consciously *chose* not to object to admission of the laboratory report. In that event, the trial court would not have erred in admitting the report. It follows that the claimed error is not one appearing "on the face of the

---

[1] Defendant was convicted after a trial to the court in 2005, which was after the Supreme Court's decision in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004).

record" under ORAP 5.45(1), because we would be forced to choose between competing inferences to find it.

That result is dictated by the Supreme Court's reasoning in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006).[2] In *Gornick*, we vacated the defendant's upward departure sentence on the ground that the imposition of such a sentence based on judicial factfinding violated his rights under the Sixth Amendment to the United States Constitution, even though the defendant had failed to raise that issue in the trial court. The Supreme Court reversed, observing that nothing prevented the defendant from waiving his right to a jury trial on the departure factors and that a trial court does not commit legal error by finding aggravating facts if a defendant chooses not to exercise his right to a jury trial. The court then drew multiple competing inferences from the record concerning the defendant's guilty plea, including that he chose, "for one of many possible reasons, not to have a jury find the aggravating facts." 340 Or at 170. Because the court was forced to choose from among competing inferences regarding the defendant's motivation for not objecting, it held that the claimed error did not appear on the face of the record as required by ORAP 5.45(1). *See also State v. McDonnell*, 343 Or 557, 571, 173 P3d 822 (2007) (refusing to consider an error under ORAP 5.45(1) because the record was subject to competing inferences); *State v. Fults*, 343 Or 515, 520, 173 P3d 822 (2007) (briefly addressing, without deciding, whether the fact that the defendant may have had a strategic reason to not object to the sentence means that there was no error at all).

The same reasoning applies to the facts of this case. Here, there are at least two permissible inferences that may be drawn from the record: (1) the trial court erred in admitting the report in violation of defendant's confrontation rights, or (2) defendant chose not to object to the admission of the report because he knew that, ultimately, any objection would not prevent the state from proving that the substance

---

[2] The state did not cite *Gornick* in its brief to this court because, before *Birchfield* was decided, this court had held that the admission of a laboratory report, without cross-examination, was not plain error. *State v. Thackaberry*, 194 Or App 511, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005).

in the baggie was methamphetamine. Defendant could have reasoned that, had he objected and the report been excluded, the state simply would have called the author of the report to testify that the substance in the baggie was actually methamphetamine. That inference is supported by the record because defendant did not contest that the substance in the baggie was methamphetamine. Also, defendant stipulated at trial that the report accurately described the evidence seized from his car. Those facts give rise to the inference that defendant did not object to the laboratory report because he did not contest that the contents of the baggie were indeed methamphetamine and, consequently, would have gained nothing by objecting. If defendant consciously chose to not exercise his confrontation rights in that regard, the trial court did not err in admitting the report.

Because multiple inferences may be drawn as to why defendant did not object—including a strong inference that he consciously elected not to assert his confrontation rights—the claim of error that defendant makes for the first time on appeal is not one that appears on the face of the record. We erred in concluding otherwise.[3]

Reconsideration allowed; former opinion modified and adhered to as modified; former disposition withdrawn; affirmed.

---

[3] We further note that the Supreme Court's recent decisions in *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), and *Fults* suggest that we may have erred in exercising our discretion, given the state's interest in avoiding a second trial in this particular case.