On appellant's petition for reconsideration filed February 14, petition for
reconsideration denied May 28, petition for review denied
July 2, 2008 (345 Or 95)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GARY WAYNE MOTSINGER,
*Defendant-Appellant.*

Tillamook County Circuit Court
021244; A120560

185 P3d 562

Stephanie Hortsch, Deputy Public Defender, Office of
Public Defense Services, Legal Services Division, for petition.

Before Edmonds, Presiding Judge, and Sercombe, Judge,
and Schuman, Judge.

PER CURIAM

**PER CURIAM**

Defendant petitions for reconsideration of our decision in *State v. Motsinger*, 200 Or App 713, 117 P3d 313 (2005),[1] in which we affirmed defendant's convictions but remanded for resentencing on the ground that the trial court committed error apparent on the face of the record when it imposed a departure sentence based on facts that were not admitted by defendant or proved to a jury. In his petition for reconsideration, defendant asks that we reconsider our original decision with respect to his argument that the trial court also committed error apparent on the face of the record in admitting a laboratory report in violation of his confrontation rights. Specifically, defendant asks that we address that issue in light of *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), which was decided after we issued our original decision.

We have, in some instances, addressed *Birchfield* issues raised for the first time on appeal. *See, e.g., State v. Marroquin*, 215 Or App 330, 168 P3d 1246 (2007). We have declined to do so, however, where the record gives rise to an inference that the defendant consciously elected not to object to the admission of the laboratory report. *See, e.g., State v. Raney*, 217 Or App 470, 175 P3d 1024 (2008). That is the case here. There was no legitimate dispute at trial that the substance identified in the laboratory report was a controlled substance; in fact, defendant's counsel conceded in his opening argument that there was "not really a huge dispute that there was a marijuana grow in the house that [defendant] resided. Now, a question in this case will be whose grow was it." Thus, as in *Raney*, "[t]hose facts give rise to the inference that defendant did not object to the laboratory report because he * * * would have gained nothing by objecting." *Id.* at 474.

---

[1] After our opinion issued in 2005, the state sought and obtained an indefinite extension of time in which to file a petition for review in the Supreme Court, in anticipation of the court's decision in *State v. Perez*, 340 Or 310, 131 P3d 168 (2006). After *Perez* was decided, the parties sought and obtained another indefinite extension of time in which to file a petition for review, this time in anticipation of the court's decision in *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007). Ultimately, before a petition for review was filed in this case, defendant requested that we allow him to file an untimely petition for reconsideration in light of intervening case law, a motion that we granted in February 2008.

Indeed, when the prosecutor offered the laboratory report into evidence, defendant's counsel responded, "That's fine." Accordingly, this is not the type of case in which we will review defendant's claim of error as error apparent on the face of the record. *Id.* at 474. For that reason, we decline defendant's invitation to reconsider our original decision.

Petition for reconsideration denied.