Submitted May 8, reversed and remanded with instructions to enter conviction for one count of unlawful delivery of a Schedule II controlled substance, reflecting that defendant was convicted on both theories, and for resentencing; otherwise affirmed June 25, petition for review denied August 6, 2008 (345 Or 175)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## VICTOR MANUEL ASCENCIO-GALINDO,
*Defendant-Appellant.*

Marion County Circuit Court
05C43924; A130025

188 P3d 392

Erin Galli and Chilton, Ebbett & Galli, LLC, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

■ Defendant was convicted of two counts of unlawful delivery of methamphetamine; the trial court imposed a 40-month departure sentence on the first count and a concurrent 40-month departure sentence on the second. On appeal, defendant assigns as error (1) the trial court's failure to merge the two convictions, which were based on the same predicate conduct, and (2) the admission, in violation of his confrontation rights, of a laboratory report without testimony from the person who prepared the report. Defendant acknowledges that he did not preserve either assignment of error for appeal, but urges us to review and correct the errors as "plain error" under ORAP 5.45(1).[1] As explained below, we agree with defendant that the trial court committed plain error in failing to merge his convictions, and we further conclude that it is appropriate to exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), to correct that error. However, because the record gives rise to an inference that defendant consciously elected not to object to the admission of the laboratory report, we decline to exercise our discretion to correct that error.

■ We begin with defendant's assertion that the trial court was required to merge his two convictions. The indictment in this case alleged two separate counts of unlawful delivery of a Schedule II controlled substance (methamphetamine), *former* ORS 475.992(1) (2003), based on a single incident of delivery. The only difference between the two counts was that Count 1 alleged that the delivery involved substantial quantities of the drug, *former* ORS 475.996(1)(a) (2003), *renumbered as* ORS 475.900(1)(a) (2005), and Count 2 alleged that the conduct constituted a commercial drug offense, *former* ORS 475.996(1)(b) (2003), *renumbered as* ORS 475.900(1)(b) (2005). Both are factors that elevate the

---

[1] Under ORAP 5.45(1), this court has discretion to review unpreserved errors of law that are "apparent on the face of the record." To constitute plain error, the error must (1) be an error of law, (2) be apparent, meaning the legal point is obvious, not reasonably in dispute, and (3) appear on the face of the record such that we "need not go outside the record or choose between competing inferences to find it." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

crime seriousness classification—and, consequently, the sentence—for the crime under the sentencing guidelines.

■ The state concedes—and we agree—that the trial court's failure to merge the two convictions was plain error under *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), because the two counts represented two separate theories of guilt for the same criminal act. The state also agrees that we should exercise our discretion to correct the error. Again, we agree with the state. In *State v. Valladares-Juarez*, 219 Or App 561, 184 P3d 1131 (2008), we determined that the relevant considerations under *Ailes*, 312 Or at 382 n 6, *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007), and *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), militated in favor of our exercise of discretion to correct the trial court's failure to merge separate first-degree kidnapping charges. As we explained:

> "First, the error in this case is grave; the presence of an additional kidnapping conviction on defendant's criminal record misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation of his criminal history. Second, although the state may have an interest in avoiding unnecessary resentencing proceedings, [*Ramirez*, 343 Or at 513], it has no interest in convicting a defendant twice for the same crime. Thus, on balance, the competing interests of the parties in this case weigh in favor of exercising our discretion to correct the error. Moreover, we cannot identify any strategic reason that defendant may have had for not objecting to the entry of separate kidnapping convictions; nor can we identify any reason why the ends of justice would not be served by ensuring that defendant's criminal record accurately reflects the crimes for which he has been convicted. Indeed, the state has not suggested *any* reasons why this court should decline to exercise its discretion to correct the error in this case."

*Valladares-Juarez*, 219 Or App at 564-65 (emphasis in original). For the same reasons, we conclude that it is appropriate for us to exercise our discretion to correct the court's error in failing to merge defendant's convictions in this case.

■     We turn to defendant's unpreserved challenge to the trial court's admission of a laboratory report without requiring the state to produce at trial the person who prepared the report or demonstrate that the person was unavailable. *See State v. Birchfield*, 342 Or 624, 631-32, 157 P3d 216 (2007) (requirement that a criminal defendant subpoena the criminalist who prepared a laboratory report, pursuant to ORS 475.235, violates the defendant's right to confrontation under Article I, section 11, of the Oregon Constitution). The disputed laboratory report confirmed that the packages found in the same room where defendant was arrested during a "controlled" buy contained methamphetamine and the weight of each bag.

At trial, defendant never disputed that the substance was methamphetamine or that the quantity was sufficient to support the state's charges; rather, his theory of the case was that he was not the one responsible for the large quantity of drugs found in the room. In addition to the laboratory report, the state also adduced testimony from Jaroch, a narcotics detective involved in defendant's arrest, that the police had arranged to purchase, through an informant, one-half pound (226.8 grams) of methamphetamine for $5,000— the equivalent of approximately a thousand "hits" of the drug. One of the arresting officers, Adcock, testified that, when he came into the house behind the SWAT team, he saw defendant lying on his side on a bed with a white crystal substance in a baggie next to him. He believed, based on his training and experience, that the baggie contained methamphetamine. He also testified that he found $4,645 in defendant's wallet when defendant was arrested. The state also introduced as exhibits several photographs, including a photograph of defendant lying on a bed, with several baggies containing the white crystal substance near him.

Defendant acknowledged at trial that the bags contained "huge" amounts of methamphetamine. However, he contended that he was simply "at the wrong place at the wrong time." During closing argument, defense counsel argued:

"The state simply has failed to meet its burden of proof. There were drugs there, there's no dispute about that;

you've seen photographs of them. There's no dispute about what the drugs were. *They were methamphetamine. There's no dispute about the fact that there were essentially huge quantities of drugs.* * * * There simply is not enough evidence connecting [defendant] with the drugs."

(Emphasis added.)

We thus conclude that the record is susceptible to an inference that defendant consciously chose not to object to admission of the laboratory report because he "would have gained nothing" by doing so. *State v. Raney*, 217 Or App 470, 474, 175 P3d 1024 (2008). Accordingly, even assuming that the trial court's error in admitting the laboratory report was plain error, *see, e.g., State v. Marroquin*, 215 Or App 330, 168 P3d 1246 (2007); *cf. Raney*, 217 Or App at 474 (admission of laboratory report not plain error where one possible inference that could be drawn from the record was that the defendant consciously elected not to object to its admission), we decline to exercise our discretion in this case to correct the error. *See State v. Choin*, 218 Or App 333, 338, 179 P3d 743 (2008) (declining to exercise discretion to correct trial court's plain error in admitting laboratory report as it related to the defendant's conviction for possession of a controlled substance where there was never any legitimate debate as to whether the substance at issue was actually methamphetamine).

Reversed and remanded with instructions to enter conviction for one count of unlawful delivery of a Schedule II controlled substance, reflecting that defendant was convicted on both theories, and for resentencing; otherwise affirmed.