Submitted August 27, affirmed October 15, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

OBET GOMEZ-BEIZA,
*Defendant-Appellant.*

Marion County Circuit Court
06C44931; A133568

195 P3d 468

Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services, and Meredith Allen, Deputy Public Defender, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Schuman, Judge, and Riggs, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

In his opening brief on appeal, defendant advances two unpreserved assignments of error in which he challenges the sufficiency of the evidence to support his convictions for delivery of controlled substances. We reject those assignments of error without discussion. In a supplemental brief, defendant makes an additional unpreserved challenge to the trial court's admission of a laboratory report without requiring the state to produce at trial the person who prepared the report or demonstrate that the person was unavailable. *See State v. Birchfield*, 342 Or 624, 631-32, 157 P3d 216 (2007) (requirement that a criminal defendant subpoena the criminalist who prepared a laboratory report, pursuant to ORS 475.235, violates the defendant's right to confrontation under Article I, section 11, of the Oregon Constitution). As amplified below, we write to address that issue primarily because of the peculiar procedural posture of this case.

We have, in some instances, addressed *Birchfield* issues raised for the first time on appeal. *See, e.g., State v. Marroquin*, 215 Or App 330, 168 P3d 1246 (2007). We have declined to do so, however, where the record gives rise to an inference that the defendant consciously elected not to object to the admission of the laboratory report. *See, e.g., State v. Raney*, 217 Or App 470, 175 P3d 1024, *rev den*, 344 Or 671 (2008). In *State v. Motsinger*, 220 Or App 294, 185 P3d 562 (2008), for example, there was no legitimate dispute at trial about the identity of the substance identified in a laboratory report; in fact, the defendant conceded that there was " 'not really a huge dispute that there was a marijuana grow in the house [in which defendant] resided. Now, a question in this case will be whose grow was it.' " *Id.* at 295-96 (quoting *Raney*). We concluded that " '[t]hose facts give rise to the inference that defendant did not object to the laboratory report because he * * * would have gained nothing by objecting.' " *Id.* (quoting *Raney*, 217 Or App at 474). Accordingly, we declined to review the defendant's claim as error apparent on the face of the record. *Id.*

In his supplemental brief in this case, defendant asserted that we should exercise our discretion to correct the

erroneous admission of the laboratory report. Thereafter, the state filed its brief on appeal in which it responded to the assignments of error that defendant raised in his opening brief. However, without explanation, the state did not respond to the argument made in defendant's supplemental brief. Although in some circumstances we might regard the state's silence as a tacit concession that a defendant's supplemental assignment of error based on *Marroquin* is well taken, this court has an affirmative obligation, when the issue is raised, to independently determine whether the trial court plainly erred and, if so, whether we should exercise our discretion to correct the error. Accordingly, without the benefit of briefing by the state, we have undertaken that obligation by reviewing the record in this case.

■   The case was tried to the court. Before trial, defendant moved *in limine* to exclude evidence of a field test of substances that police officers found in a house in which he occasionally resided. The trial court granted that motion. The state's theory at trial was that defendant possessed a substantial quantity of methamphetamine and heroin in the house with the intent to deliver them. The state offered evidence that defendant had confessed to a police officer that he sold controlled substances that he kept in a freezer in the house. When they searched the house, the police found a substance wrapped in aluminum foil in the freezer. According to the laboratory report, that substance was not a controlled substance. However, the police found two other substances in a bedroom drawer in the residence. The laboratory report did identify those substances as methamphetamine and heroin, respectively. Defendant's theory at trial was that the state's evidence did not connect him to the controlled substances that the police found. Defendant did not object to the laboratory report identifying those substances. In short, although defendant successfully excluded the field test evidence, the issue at trial was not what the substances identified in the laboratory report were but, rather, whether defendant possessed those substances with the intent to deliver them.

We thus conclude that the record is susceptible to an inference that defendant consciously chose not to object to the admission of the laboratory report because he "would have gained nothing" by doing so. *Raney*, 217 Or App at 474.

Accordingly, even assuming that the admission of the laboratory report was plainly erroneous under *Marroquin*, we decline to exercise our discretion in this case to correct the error. *See State v. Choin*, 218 Or App 333, 338, 179 P3d 743 (2008) (declining to exercise discretion to correct trial court's plain error in admitting laboratory report as it related to the defendant's conviction for possession of a controlled substance where there was never any legitimate debate as to whether the substance at issue actually was methamphetamine).

Affirmed.