Argued and submitted May 12, affirmed December 14, 2011, petition for review denied June 14, 2012 (352 Or 107)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

v.

**KIRK ELLIOTT HAMPTON,**
*Defendant-Appellant.*

**Washington County Circuit Court**
**C081687CR; A142079**

268 P3d 711

Ryan Scott argued the case and filed the briefs for appellant.

Timothy A. Sylwester argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Ryan Kahn, Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment of conviction for unlawful possession of a controlled substance, ORS 475.840(3)(a), based on evidence that a police officer obtained during a consensual search of a vehicle during a traffic stop. Defendant asserts that the trial court erred in summarily denying his pretrial motion to suppress for failure to comply with the Uniform Trial Court Rules. The state asserts that any error in not considering the merits of defendant's motion was harmless because the evidence was admissible, and also cross-assigns error to the trial court's later exclusion of defendant's statements as having been obtained during an unlawful extension of the traffic stop. Because we agree with the state that any error in not considering defendant's pretrial motion to suppress evidence was harmless, we affirm.

In reviewing the trial court's ruling on a motion to suppress, we review the trial court's legal determinations for errors of law and defer to the trial court's findings of fact where there is sufficient evidence in the record to support them. *State v. Gomes*, 236 Or App 364, 370, 236 P3d 841 (2010); *State v. Larson*, 141 Or App 186, 190, 917 P2d 519, *rev den*, 324 Or 229 (1996).

The facts are not disputed. One night in July 2008, a police officer saw defendant driving a car without its headlights on and with expired registration. The officer pulled defendant over and asked for his license, registration card, and proof of insurance. Defendant gave his license and insurance card to the officer, but was unable to locate the registration card. While defendant was looking for his registration card, the officer asked defendant if he had any weapons, drugs, or contraband in the car. Defendant said that he did not. The officer asked defendant for consent to search the car, and defendant consented to the search.

The officer went back to his car to run a records check on defendant's license. The officer returned to defendant's car and told defendant that he was not going to cite defendant for driving without lights and with an expired registration, and that defendant would just get a warning. The officer directed defendant to get out of his car, told defendant that he was "free to go," and returned his documents. The

officer then immediately asked defendant to stand to the side while the officer conducted a search pursuant to defendant's earlier consent to search.

In the search of the car, the officer found a bag containing several mushrooms with long stems; the officer recognized the mushrooms as psilocybin mushrooms, a controlled substance. The officer asked defendant if they were psilocybin mushrooms and defendant said that they were. Defendant also admitted that the mushrooms were under the driver's seat of the car because he put them there. The officer put defendant, in handcuffs, in the back of the patrol car and read him his *Miranda* rights. In response to subsequent questioning, defendant said that he had purchased the mushrooms earlier that day but had not used any yet. The officer asked defendant why he used the mushrooms and defendant said, "I like the way they make me feel." Defendant was charged with unlawful possession of a controlled substance.

Before trial, defendant filed a motion to suppress "all evidence of whatever kind or nature, real or testimonial, which the State intends to offer as a basis for defendant's conviction herein." The motion did not include any argument about why the evidence should be suppressed, but instead listed case summaries as "Points and Authorities." Defendant did not submit an accompanying brief. The state responded that the court should deny defendant's motion to suppress because defendant's consent to search was valid and the officer's request to search occurred during an unavoidable lull in his traffic investigation.

At the hearing on defendant's motion to suppress, the state argued that defendant had not filed an adequate motion to suppress and had not adequately framed the issues. The trial court denied the motion to suppress without considering its merits because defendant had not followed UTCR 4.060(1)(b),[1] which requires the moving party to file a brief to accompany the motion to suppress.

---

[1] UTCR 4.060(1)(b) provides that all motions to suppress evidence "must be accompanied by the moving party's brief which must be adequate reasonably to apprise the court and the adverse party of the arguments and authorities relied upon."

During the bench trial, the officer testified consistently with the facts as set forth above. After the state presented its case, the court held a hearing to determine whether the statements defendant made to the officer were admissible.[2] The state argued that the statements should be admitted because they were voluntary and because the statements were made after the officer had told defendant that he was free to leave. The court framed the issue as whether the officer unlawfully extended the stop or lawfully obtained consent to search during an "unavoidable lull" in the stop. The court found that the officer unlawfully extended the stop by holding on to defendant's documents and by searching defendant's car after telling defendant that he was free to leave; consequently, the court concluded that the statements defendant made to the officer were inadmissible. However, the court did not suppress the mushrooms and, at the conclusion of the trial, the court found defendant guilty as charged.

On appeal, defendant asserts that the trial court erred in refusing to consider his pretrial motion to suppress. Defendant contends that his motion to suppress was sufficient to put the state on notice of the arguments he planned to address at the hearing, and he had a right under Article I, section 9, of the Oregon Constitution to have that hearing. The state concedes that defendant's assertion is arguably correct, but asserts that any error in not considering the merits of defendant's pretrial motion was harmless because the evidence was admissible. The state argues further in a cross-assignment of error that the trial court erred in suppressing defendant's statements. As explained below, we agree with the state that the officer's consensual search was lawful and that any error in not holding a pretrial hearing on the motion to suppress the evidence was therefore harmless.[3]

"During a traffic stop, a police officer may question the driver about criminal activity that is unrelated to the stop, even if the officer does not have any suspicion of such

---

[2] In essence, the trial court conducted a hearing on defendant's motion to suppress the mushrooms and his statements.

[3] In view of our conclusion that any error in not suppressing the evidence derived from the consent search was harmless, we need not consider the state's cross-assignment of error. ORAP 5.57(2).

activity, without violating Article I, section 9." *State v. Berry*, 232 Or App 612, 615, 222 P3d 758 (2009), *rev dismissed*, 348 Or 71 (2010). Questioning that causes an extension of the traffic stop, however, "is the functional equivalent of a new restraint of the motorist's liberty, and must be supported by reasonable suspicion that the motorist has engaged in some further criminal activity." *State v. Rogers*, 219 Or App 366, 371, 182 P3d 209 (2008), *aff'd*, 347 Or 610, 227 P3d 695 (2010). There are no implications under Article I, section 9, if the inquiry occurs during the stop but does not extend the stop. *Gomes*, 236 Or App at 371.

Two cases are on point: *Gomes*, 236 Or App 364, and *State v. Raney*, 215 Or App 339, 168 P3d 803 (2007), *modified on recons*, 217 Or App 470, 175 P3d 1024, *rev den*, 344 Or 671 (2008). In *Gomes*, the officer asked the defendant about a suspicious cigarette package while the defendant was "in the process of obtaining and turning over the licenses, registration, and proof of insurance." 236 Or App at 372. The defendant gave the officer consent to search the vehicle. We held that,

> "[a]lthough the results of the questioning led to a police-citizen encounter that was longer than it would have been without the questioning, that fact is not relevant. The relevant fact is that the inquiry that transformed the encounter from a routine traffic stop into a more extended criminal investigation occurred during the time that [the officer] was lawfully and expeditiously conducting the traffic stop and * * * did not result in any extension of that stop."

*Id.* (emphasis added).

Similarly, in *Raney*, an officer pulled the defendant over for speeding and failure to signal before making a turn. 215 Or App at 341. While the officer was waiting for the computer to retrieve the defendant's information, he walked back to the defendant's car. The officer asked the defendant if he had any illegal drugs and the defendant said he did not. The officer then asked the defendant if he could search his car. The defendant consented. During the search, the officer found methamphetamine. *Id.* at 341-42. The defendant filed a pretrial motion to suppress the evidence obtained from his car on the ground that the officer unlawfully extended the

duration of the traffic stop in violation of his rights under Article I, section 9, of the Oregon Constitution. *Id.* at 342. The trial court denied the defendant's motion. *Id.* On appeal, we stated the question as "whether [the officer] unlawfully extended the originally lawful stop by recontacting [the] defendant to ask him whether he had any illegal drugs and to request consent to search his car." *Id.* at 343.[4] We held that the officer did not detain the defendant beyond the time reasonably required to complete the traffic stop and, consequently, the court did not err in denying the defendant's motion to suppress. *Id.* at 345.

Here, after asking defendant for his license, registration, and insurance, the officer asked defendant for consent to search his car. Asking for consent to search the car did not extend the stop because it occurred during an unavoidable lull in the traffic stop while defendant was looking for his registration.[5] *See State v. Jones*, 239 Or App 201, 208, 245 P3d 148 (2010), *rev den*, 350 Or 230 (2011) (holding that, because the defendant's consent to search occurred during an unavoidable lull in an ongoing traffic stop, the request for consent to search did not delay the stop). As in *Gomes* and *Raney*, the time the officer took to search defendant's car based on defendant's voluntary consent did not extend the traffic stop. The officer had completed the traffic stop before conducting the search. The fact that the subsequent search extended the encounter between defendant and the officer does not result in an extension of the initial stop. The fact that the officer did not search the car until after the traffic stop ended does not change defendant's consent to search his car. Accordingly, the evidence that defendant sought to suppress in his pretrial motion was admissible and any error in

---

[4] We also noted that whether a traffic stop was unlawfully extended is a fact-specific inquiry. *Raney*, 215 Or App at 343.

[5] For the first time in his reply brief, defendant argues that the officer's question did not occur during an unavoidable lull because the officer already knew that defendant's registration was expired and, therefore, had no reason to ask for defendant's registration. We reject that argument because asking a defendant for his license, registration, and insurance is routine behavior for an officer conducting a traffic stop. *See, e.g., State v. Courtney*, 242 Or App 321, 324, 255 P3d 577 (2011) (the officer requested the defendant's license, registration, and insurance information during a traffic stop).

not considering defendant's pretrial motion to suppress evidence was harmless.

Affirmed.