No. 89      February 14, 2024      665

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MISTY BLU POSTLETHWAIT,
*Defendant-Appellant.*

Klamath County Circuit Court
20CR66025; A176416

Marci Warner Adkisson, Judge.

Submitted April 26, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Conviction on Count 1 reversed and remanded for entry of a judgment of conviction for one count of attempted delivery of methamphetamine and for resentencing; conviction on Count 3 reversed.

Pagán, J., concurring in part, dissenting in part.

**MOONEY, J.**

Defendant appeals a judgment of conviction, entered after a jury trial, for delivery of methamphetamine (Count 1), ORS 475.890, and possession of a weapon in a public building (Count 3), ORS 166.370. Relying on our decision in *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *aff'd*, 371 Or 340, 537 P3d 503 (2023) (*Hubbell I*), defendant assigns error to the trial court's denial of her motion for judgment of acquittal on the delivery charge, arguing that the state presented insufficient evidence that she attempted to transfer methamphetamine from one person to another. The parties briefed and argued this matter before the Supreme Court issued its decision in *State v. Hubbell*, 371 Or 340, 537 P3d 503 (2023) (*Hubbell II*), in which it affirmed *Hubbell I*. *Hubbell II* requires us to reverse the delivery conviction.

Defendant specifically requests that we not remand for entry of a judgment convicting her of the inchoate crime of attempt because, according to defendant, the state presented insufficient evidence of intent and insufficient evidence that she took a substantial step toward committing the crime of delivery. We do not agree. There was evidence that defendant possessed 157 grams of methamphetamine divided into seven bags, a scale, and a handgun. That is enough. *See State v. Tacia*, 330 Or App 425, ___ P3d ___ (2024) (remanding for entry of a judgment convicting the defendant of the lesser included crime of attempt where he possessed a dealer quantity of methamphetamine along with evidence that he had participated in packaging the methamphetamine into smaller baggies for sale).

Defendant also assigns error to the trial court's evidentiary ruling that admitted into evidence a report indicating that the revolver was test-fired and found to be an operable firearm. We accept the state's concession on that assignment because the state did not make the declarants whose statements appear in the report available as witnesses, and it did not show that they were unavailable. Admitting the report into evidence despite the state's failure to either produce the declarants for cross-examination or to establish their unavailability violated defendant's confrontation rights under Article I, section 11, of the Oregon

Constitution. *See State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007) (holding that admitting a report under ORS 475.235 (2003)[1], a similarly worded statute, when the state neither produced the declarant as a witness nor established his unavailability violated the defendant's confrontation rights). The rule in this case, OEC 803(25), like the version of the statute at issue in *Birchfield*, authorizes the admission of certain documents containing out-of-court statements, while providing that "the defendant may subpoena" the declarant at no cost. That language impermissibly shifted the responsibility to secure the declarant's attendance at trial to defendant, which is directly at odds with defendant's right to confront her accusers and to "meet the witnesses face to face." Or Const, Art I, § 11. The trial court erred in admitting the report. Because the state presented no other evidence that the revolver was an operable "firearm" under ORS 166.210, the error was not harmless.

Conviction on Count 1 reversed and remanded for entry of a judgment of conviction for one count of attempted delivery of methamphetamine and for resentencing; conviction on Count 3 reversed.

**PAGÁN, J.,** concurring in part, dissenting in part.

I concur in the reasoning and the disposition of Count 3 but write separately to dissent from the disposition of Count 1 for the reasons I have previously stated in *State v. Tacia*, 330 Or App 425, 440-42, ___ P3d ___ (2024) (Pagán, J., concurring in part and dissenting in part), and *State v. Wesley*, 326 Or App 500, 519-24, 533 P3d 786 (2023), *rev den*, 371 Or 511 (2023) (Pagán, J., concurring in part and dissenting in part).

---

[1] Following our decision in *Birchfield*, ORS 475.235 was amended. *See* ORS 475.235 (2003), *amended by* Or Laws 2007, ch 636, §§ 1 - 2; Or Laws 2009, ch 610, § 8; Or Laws 2021, ch 591, § 42.