Argued and submitted January 30, remanded for reconsideration of probation conditions; otherwise affirmed May 10, reconsideration denied June 30, petition for review denied September 6, 1989 (308 Or 331)

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM FREDERICK HOLDNER,
*Appellant.*

(87-5225; CA A48914)

772 P2d 1382

Michael J. Morris, Portland, argued the cause for appellant. With him on the brief was Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

Russell Conrow, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant seeks reversal of his conviction for criminal negligence in permitting his livestock to run at large on the land of another in a livestock district. ORS 607.045.

Defendant and his son, Randal Holdner (Randal), own property in Columbia County as tenants in common. The property completely surrounds the property of the complaining witness, Leonard Olive. Olive's property has an easement across the Holdner property to the county road. There is a fence with three gates along the easement road, surrounding Olive's property in all places, except where there is a natural barrier of blackberry brambles. Daniel Stenberg is a tenant on Holdners' property.

The Holdners purchased their property in 1984, and Olive and his wife have owned their property since 1983. Olive began logging operations after the Holdner purchase, and there was disputed evidence at trial that Olive subsequently damaged the fence and gate 3. There were numerous other disputes over the fence and gates.

In 1986, Randal arranged for Stenberg to check the fences daily for damage and the gates to make sure that they were closed, and he personally checked the fences once a week, including March 26, 1987, when he found the fence intact. Randal testified, however, that on March 26, 1987, he discovered gate 3 open and his cows on Olive's property. He was refused entry onto Olive's property when he asked to be allowed to round them up. Randal called the sheriff, and Deputy Sheriff Cage walked the perimeter of the property and found an opening in the southeast portion of the fence. He concluded that the animals had forced their way through the opening, although he stated that the hole also could have been caused by a man.

At trial, defendant presented evidence suggesting that some or all of the cattle had gone through gate 3 instead of the hole in the fence and that the hole in the fence had been intentionally cut. Defendant was convicted and was given a suspended sentence with two years probation and, as a condition of probation, a requirement that he erect a new 47-inch high fence on the existing fence line. After the sentencing, defendant moved that the court reconsider the probationary

order and to determine the adequacy of the existing fence. The trial court denied the motion.

Defendant first argues that the trial court erred in denying his motion to dismiss the complaint, because the district attorney had not signed it. Defendant cites ORS 131.005(3),[1] which requires such an endorsement of a complaint. The state responds that ORS 131.005 does not apply to a complaint filed for a violation of ORS 607.045. ORS 131.005 was section 1, the general definitions section of the revised *Criminal Procedure Code* that was enacted in 1973. Or Laws 1973, ch 836. ORS 131.005 applies to definitions used in sections 1 to 311 of chapter 836. Sections 63 and 64, which became ORS 133.007 and ORS 133.015, respectively, describe the sufficiency and contents of any complaint, thus triggering the definition in ORS 131.005(3). In addition, ORS 131.015 states that the provisions of the 1973 Act apply to "*all* criminal actions and proceedings commenced on or after January 1, 1974 * * *." (Emphasis supplied.) A complaint filed for a violation of ORS 607.045 is a criminal action to which ORS 131.005 applies.

■    Defendant argues that the court has no jurisdiction over a complaint not signed by the district attorney, pointing to the legislative history of the 1983 amendment of ORS 131.005(3) that added the requirement of the district attorney's signature.[2] At a subcommittee meeting of the House

---

[1] ORS 131.005 states, in pertinent part:

"As used in sections 1 to 311, chapter 836, Oregon Laws 1973, except as otherwise specifically provided or unless the context requires otherwise:

"* * * * *

"(3) 'Complaint' means a written accusation, verified by the oath of a person and bearing an indorsement of acceptance by the district attorney having jurisdiction thereof, filed with a magistrate, and charging another person with the commission of an offense, other than an offense punishable as a felony. A complaint serves both to commence an action and as a basis for prosecution thereof."

[2] The March 28, 1983, minutes of Subcommittee 1 of the House Committee on Judiciary relating to HB 2557, the bill amending ORS 131.005(3), state in pertinent part:

"KAREN GREEN, Assistant Attorney General, Department of Justice, presented additional proposed amendments to HB 2557 (Exhibit A - HB 2557). She stated that, basically, the proposed amendment is the result of an oversight by the Department of Justice in not treating complaints informations the same as complaints when they are filed by citizens. She noted that complaints information is filed on a felony and at some time earlier in the consideration of HB 2257,

Committee on Judiciary, Karen Green, Assistant Attorney General, stated that the complaint could not be filed before the district attorney had reviewed it, so that it could be determined, by the district attorney's signature, that it was a complaint that he believed could be prosecuted. Although the lack of a signature is a technical violation, the error is not fatal.

The amendment requiring the signature was part of the attorney general's "frivolous litigation" package. In an analogous situation, the Supreme Court has pointed out that inconsequential technical violations of a statute in drawing a grand jury do not make a subsequent indictment invalid. *See, e.g., State v. Gortmaker,* 295 Or 505, 522, 668 P2d 354 (1983). In this case, that the prosecution of the complaint to a guilty verdict shows that the district attorney did not regard the complaint as frivolous. Therefore, the technical violation was inconsequential and does not require reversal.

Defendant also argues that the court erred in denying his motion in arrest of judgment in which he contended that the probationary order issued by the trial court exceeds the maximum allowed by law. The state responds that the probation condition of building a new fence is reasonably related to the offense, which involved an insufficient fence.

■ A trial court has authority to impose special conditions of probation for the reformation of the offender. ORS 137.540(2). Any condition must be reasonably related to the

---

the Department had determined that complainants informations ought not to bear a district attorney endorsement. After considering the matter and discussing it with representatives from the Association of District Attorneys, it was agreed that the consideration behind having an endorsement on a citizens complaint was just as strong against a complainants information in terms of discouraging frivolous complaints and perhaps even more so in respect to felonies.

"GREEN said that the district attorneys were feeling that they would just as soon be able to see these complaints before they get as far as a preliminary hearing or before the district attorney finds himself having to take the case to a grand jury. She said that the above were the reasons for submitting the identical information to apply to complaints information as well as to complaints filed by citizens.

"ZUCKERMAN questioned whether the intent was further than that the district attorney had notice, but that the complaint could not proceed without the district attorney's endorsement.

"GREEN answered that the complaint could not be filed with [the] court prior to the district attorney reviewing it to whatever degree he/she chooses to and reflecting on the face of the complaint by signature or otherwise, that it is a complaint which can be prosecuted."

offense or to the needs of effective probation. *State v. Martin,* 282 Or 583, 588, 580 P2d 536 (1978). The state contended at oral argument that defendant suggested at the sentencing hearing that he should not be fined, but should be ordered to repair the fence and that a 47-inch fence would be reasonable. The state did not refer us to the location of that statement in the record, and we have not found it. Although an order to repair the hole in the fence through which the cattle strayed would probably be reasonably related to defendant's reformation, we cannot say on this record that an order to build an entire new 47-inch fence is probably reasonably related. Because we cannot make that determination without trial court findings, we remand.

Defendant's other assignments of error are without merit.

Remanded for reconsideration of probation conditions not inconsistent with this opinion; otherwise affirmed.