Argued and submitted April 30, reversed and remanded as to conviction for possession of a Schedule II controlled substance; otherwise affirmed July 2, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DARRELL TAYLOR THOMAS,
*Defendant-Appellant.*

### Multnomah County Circuit Court
050342659; A129424

188 P3d 444

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.*

BREWER, C. J.

---

* Brewer, C. J., *vice* Armstrong, J.

## BREWER, C. J.

Defendant appeals a judgment convicting him of possession of a Schedule II controlled substance (PCS), *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005), and violating the City of Portland's drug free zone (DFZ) ordinance, PCC 14B.20.060 (2005). We write primarily to address defendant's first assignment of error, in which he argues that the uniform criminal citation and complaint upon which he was prosecuted was defective in several respects and that the trial court therefore erred in denying his motion to set aside the instrument under ORS 133.069(3).[1] We reverse and remand with respect to defendant's PCS conviction, and otherwise affirm.

On February 24, 2005, Portland Police Officer Zylawy issued a uniform citation and complaint to defendant, citing him for attempted possession of a controlled substance in the second degree and for violating Portland's DFZ ordinance. Upon issuing the citation, Zylawy swore to and signed the complaint. Zylawy checked a box on the form indicating that the City of Portland was the jurisdiction involved. He did not check a box identifying an alleged mental state for either offense. The citation and complaint was filed in Multnomah County Circuit Court on March 3, 2005.

After Zylawy filled out the citation and complaint, an unidentified person made written alterations to the instrument by (1) checking a box indicating that the State of Oregon was involved in prosecuting the charges; (2) crossing out the word "attempt" in the description of the PCS offense; and (3) checking boxes indicating that the mental state for each offense was "knowing." In addition, the altered citation and complaint bears a district attorney case number together with the notation "PROCEED AS A MISDEMEANOR." The altered citation and complaint was filed in the Multnomah County Circuit Court on March 9, 2005.

---

[1] We reject without discussion defendant's undeveloped companion assertion in that assignment of error that the trial court erred in overruling his "demurrer" on the same ground. *State v. Burgess*, 145 Or App 334, 337 n 1, 930 P2d 869 (1996), *rev den*, 325 Or 80 (1997).

Before trial, defendant filed a motion to set aside the altered citation and complaint. In the motion, defendant argued that, as altered, the instrument did not meet the statutory requirements for a complaint, because it was not "verified by the oath of a person" as required by ORS 131.005(3), nor was it certified by a peace officer as required by ORS 133.069(1)(c)(C). Defendant asked the trial court to set aside the instrument as "a legal nullity." The court denied the motion, explaining:

"THE COURT: The definition section [of ORS 131.005(3)] is helpful to give you, the reader, an understanding of what a complaint is. It's a written accusation verified by the oath of a person and bearing an endorsement. It doesn't say it's verified by the person issuing this complaint. It says it's verified by the oath of a person, and charging another person with the commission of an offense. It doesn't say what an endorsement of acceptance is. It's a general description of what a, quote, 'complaint,' unquote, means.

"Now, in my view the document that was filed with the court identified as a 'proceed as a misdemeanor,' identified further with a DA number as well as a court number, bearing an endorsement without an endorsement but a signature of an officer. Although it's been amended from an attempt to a PCS 2 and it is not the certification of the particular crime at the time it was endorsed or signed by the Zylawy, there was a criminal charge described, the commission of an offense. Two of them, actually.

"The statutes go on to require the district attorney to review any criminal citation and the review must be done before the complaint is filed, which seems to have happened in this case because at arraignment once the document is filed it has a—what could be just argued as an endorsement of acceptance by having the district attorney assign a case number to it, the court having assigned a court number to it. It's not as clean and neat and tidy as everybody would like reading select portions of the statute to support their respective positions, but substantially I am ruling that it complies with the law and am declining to set aside the charging instrument, and am declining to grant the demurrer."

After a jury trial, defendant was convicted of both charges. On appeal, he renews his argument that, as altered, the accusatory instrument was defective and that the trial court erred in failing to set it aside. The issue is one of statutory construction involving the meaning and interaction of several statutes, which we resolve using the method set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We first examine the text in context and, if the legislature's intent is not clear after that first level of analysis, consider legislative history. *Id.*

An accusatory instrument is either a grand jury indictment, an information, or a complaint. ORS 131.005(1). If the accusatory instrument is a complaint, the "complaint serves both to commence an action and as a basis for prosecution thereof." ORS 131.005(3). The accusatory instrument in this case was a criminal citation issued with a form of complaint. As such, its form and content, and the procedure for challenging its sufficiency, were specified by ORS 133.069. The version of that statute in effect at the time of the offense provided:

"(1)   A criminal citation issued with a form of complaint must contain:

"(a)   The name of the court at which the cited person is to appear.

"(b)   The name of the person cited.

"(c)   A complaint containing at least the following:

"(A)   The name of the court, the name of the state or of the city or other public body in whose name the action is brought and the name of the defendant.

"(B)   A statement or designation of the crime that can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the crime is alleged to have been committed.

"(C)   *A form of certificate in which the peace officer must certify that the peace officer has reasonable*[2] *grounds to*

---

[2] In 2005, the legislature amended ORS 133.069 to substitute the word "sufficient" for the word "reasonable." Or Laws 2005, ch 566, § 1. That amendment does not affect our analysis in this case.

*believe, and does believe, that the person named in the complaint committed the offense specified in the complaint. A certificate conforming to this subparagraph shall be deemed equivalent to a sworn complaint.*

"(d)   The date on which the citation was issued, and the name of the peace officer who issued the citation.

"(e)   The date, time and place at which the person cited is to appear in court, and a summons to so appear.

"(f)   If the arrest was made by a private party, the name of the arresting person.

*"(2)   The district attorney for the county shall review any criminal citation issued with a form of complaint that is to be filed in a circuit or justice court. The review must be done before the complaint is filed.*

*"(3)   If the complaint does not conform to the requirements of this section, the court shall set the complaint aside upon motion of the defendant made before entry of a plea. A pretrial ruling on a motion to set aside may be appealed by the state.*

*"(4)   A court may amend a complaint at its discretion."*

ORS 133.069 (2003) (emphases added).

ORS 131.005(3), in turn, defines "complaint":

" 'Complaint' means a written accusation, verified by the oath of a person and bearing an indorsement of acceptance by the district attorney having jurisdiction thereof, filed with a magistrate, and charging another person with the commission of an offense, other than an offense punishable as a felony. A complaint serves both to commence an action and as a basis for prosecution thereof."

Finally, ORS 133.015 sets out the requirements for the content of a complaint:

"An information or complaint shall contain substantially the following:

"(1)   The name of the court in which it is filed;

"(2)   The title of the action;

"(3)   A statement that accuses the defendant or defendants of the designated offense or offenses;

"(4) A separate accusation or count addressed to each offense charged, if there be more than one;

"(5) A statement in each count that the offense charged therein was committed in a designated county;

"(6) A statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time;

"(7) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended; and

"(8) The verification by the complainant and the date of the signing of the information or complaint."

Defendant initially argues that the phrase "verified by the oath of a person" in ORS 131.005(3) requires the oath of the citing officer. We need not determine whether that is correct, however, because ORS 133.069(1)(c)(C) expressly provides that where, as here, a criminal citation is filed with a complaint, "the peace officer" must certify his or her grounds to believe that the accused person committed "the offense specified in the complaint." Such a certificate is the equivalent of a "sworn complaint" for purposes of ORS 131.005(3). It follows that Zylawy, not a prosecutor, was required to make the necessary certification.

The state protests that, by assigning a district attorney's case number to the citation and complaint, making the notation "proceed as a misdemeanor," and making the alterations that defendant challenges, the district attorney lawfully amended the citation and complaint. The state relies on ORS 133.069(2), which requires the "district attorney" to "review any criminal citation issued with a form of complaint that is to be filed in a circuit or justice court * * * before the complaint is filed." According to the state, "the mandated review by the district attorney is designed to filter those citations and to insure that what is charged in the complaint legally matches the citing officer's reported observations."

We have no quarrel with the state's understanding of the purpose of ORS 133.069(2), as far as it goes. The difficulty is that the district attorney's review under subsection

(2) is not a substitute for the peace officer's certification under subsection (1) of the statute. The requirements of those subsections fulfill separate purposes. The former is meant to ensure the existence of a legal basis for a charge; the latter is meant to ensure not only that the peace officer has "reasonable grounds to believe" that the accused person committed the charged offense, but, moreover, that the officer "does believe" that the person committed the offense. Stated differently, the certification required by subsection (1) also vouches that there is a *factual* basis for the charge. In short, subsection (1) requires the citing peace officer to certify his or her belief that the accused committed the charged offense. Here, without providing such a certification, the prosecutor apparently altered the identity of one of the charged offenses from attempted PCS to the completed offense of PCS. That action is inconsistent with the described statutory requirements.[3]

ORS 133.069(4) supports our construction. That provision authorizes the court, not the district attorney, to amend a complaint in its discretion. If the legislature had intended to authorize such an amendment by the district attorney without court approval, it logically would have so indicated in subsection (4). The fact that it did not do so is telling.[4]

■ The state alternatively seizes on the latter point to argue that, by denying defendant's motion to set aside the complaint, *the trial court* implicitly amended the complaint in the challenged particulars. The difficulty with that argument is that there is no indication in the record that the trial court purported to exercise its discretion to amend the complaint. Instead, the court concluded that, because, in its view, the complaint "substantially * * * complie[d]" with the statutory requirements, defendant's motion to set aside the complaint was not well taken. In making that determination, the

---

[3] The state does not argue that an *amended* complaint need not comply with the requirements of ORS 133.069, nor do we believe that such an argument could be sustained. Among other problems, if an amended complaint were not a "complaint" within the meaning of ORS 133.069, it could not serve as a basis for the prosecution of a criminal action under ORS 131.005(3).

[4] The record does not indicate why the state chose not to proceed in this case by way of information.

court arrived at a legal conclusion; it did not consider, alternatively, whether an amendment should be allowed. Moreover, as discussed, the alteration of the identity of one of the charged offenses from attempted PCS to a completed offense required a certification by Zylawy in accordance with subsection (1). The court did not enforce that requirement. In short, the court denied defendant's motion; however, in doing so, it did not implicitly exercise its discretion to amend the citation and complaint in accordance with the statute. *See State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (to obtain appropriate appellate court deference to a discretionary decision, trial court must "make a record which reflects an exercise of discretion").

■      Finally, as discussed, in denying defendant's motion, the trial court relied in part on the preface to ORS 133.015, which specifies that a complaint must contain "substantially" the information described in that statute, including the verification of the complainant required under subsection (8). The court reasoned that Zylawy's certification in the original citation and complaint, coupled with the district attorney's later review and apparent alteration of the instrument to charge the completed crime of PCS, constituted substantial compliance with the applicable statutory requirements. We disagree. ORS 133.015(8) requires the verification of a complaint by "the complainant," in this case Zylawy, as well as the specification of "the date of the signing" of the complaint by the complainant. As respects the altered citation and complaint filed in this case, the state neither complied, nor even substantially complied, with those requirements. Moreover, the particular requirements for the content of a citation issued with a complaint are set out in ORS 133.069, not ORS 133.015. If a complaint does not conform to the requirements of ORS 133.069, the court "shall" set it aside upon the defendant's motion. ORS 133.069(3).[5]

---

[5] In that regard, this case is distinguishable from *State v. Holdner*, 96 Or App 445, 448-49, 772 P2d 1382, *rev den*, 308 Or 331 (1989), where this court held that a district attorney's failure to sign a complaint constituted an "inconsequential" technical violation of ORS 131.005(3) that did not deprive the trial court of jurisdiction of the case or require reversal of the defendant's conviction. Here, by contrast, the legislature has expressly provided for the setting aside of a citation and complaint that do not conform to the requirements of ORS 133.069.

To summarize, the altered citation and complaint filed in this case did not comply with ORS 133.069(1)(c)(C) with respect to the PCS charge. Accordingly, the trial court erred in denying defendant's motion to set aside the instrument with respect to that charge. ORS 133.069(3). Moreover, the trial court did not authorize the filing of a properly certified amended complaint charging defendant with PCS in accordance with ORS 133.069(4). It follows that defendant's conviction for PCS must be reversed, and the case must be remanded to the trial court.

■ However, we conclude that the court did not err in denying defendant's motion with respect to the DFZ ordinance violation charge. The only alteration made with respect to that charge was the addition of an alleged mental state. Defendant has not developed any argument as to how the insertion of an allegation pertaining to that element violated any provision of ORS 133.069 or any other statute or legal principle. By signing the citation and complaint, Zylawy certified his grounds for belief, and his actual belief, that defendant had violated the DFZ ordinance. ORS 133.069(1)(c)(C) required no more. It follows that the trial court did not err in denying defendant's motion to set aside the complaint with respect to the DFZ ordinance charge.[6]

We briefly address defendant's two remaining assignments of error. We reject without discussion defendant's second assignment of error, in which he challenges the constitutionality of the Portland DFZ ordinance on multiple grounds. Based on our disposition of defendant's first assignment of error, defendant's third assignment of error, in which he challenges as plain error under Article I, section 11, of the Oregon Constitution the trial court's admission in evidence of a laboratory report of tests performed on residue found on a pipe in his possession, is moot. See State v. Birchfield, 342 Or 624, 157 P3d 216 (2007) (holding that the admission of a laboratory report identifying a controlled substance without

---

[6] Defendant's motion to set aside the complaint challenged the instrument as a whole. Nevertheless, our disposition of his first assignment of error produces a mixed result on that motion, unpacking it, as it were, into discrete segments. Because defendant's argument was correct with respect to the PCS charge, even though he directed it to both charges, we conclude that his successful argument was adequately preserved.

making available for cross-examination the persons who prepared the report violated the defendant's state constitutional right of confrontation); *State v. Marroquin*, 215 Or App 330, 334-37, 168 P3d 1246 (2007) (in light of *Birchfield*, treating admission of a laboratory report that violated the defendant's confrontation rights under Article I, section 11, as error apparent on the face of the record).[7]

Reversed and remanded as to conviction for possession of a Schedule II controlled substance; otherwise affirmed.

---

[7] Defendant does not make or develop any argument that his third assignment of error requires us to disturb his DFZ ordinance conviction. Accordingly, we do not address that issue.