Submitted December 5, 2008, reversed February 25, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN THOMAS SAVAGE,
*Defendant-Appellant.*

Jackson County Circuit Court
07D911699; A137126

203 P3d 295

John Thomas Savage filed the brief *pro se.*

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for failure to drive within a lane. He contends that the trial court erred in amending the original citation, which was for careless driving, after the close of the evidence and without notice to him. The state concedes the error, but argues that the proper remedy is to remand for a new trial. We agree that the trial court erred, but we do not agree that the appropriate remedy is to remand. We therefore reverse.

The relevant facts are not in dispute. Defendant worked as the driver of one of two "pilot cars" that drove in front of, and behind, a semi-truck carrying an oversize load. Highway patrol received a complaint from another driver, Mick, that defendant had passed him unsafely while driving the lead pilot car. Defendant was cited for careless driving, ORS 811.135.

At trial, Mick testified that defendant had crossed in front of him from the fast lane into the slow lane and tapped his brakes. Then, according to Mick,

"all of a sudden [defendant] just jams on the brakes, just hangs them brakes up, and I am hitting my brakes to keep from hitting him, and I swing into the left lane, which was a speed lane, and * * * I started to go around him. He comes from that lane, the slow lane, all the way across into the fast lane and he crosses over the double line * * * thinking that I was going to go into the double line to go around him, and I backed out and went to the right real fast[.]"

Defendant testified that it was Mick who had cut in front of him and then slowed down, in an act of "road rage," and that he had done nothing unlawful.

At the close of the evidence, the trial court informed defendant that it would advise him of its decision later in writing. Several days later, the court's judicial assistant sent a letter to defendant stating that, "[a]fter reviewing the evidence and testimony in the above matter, Judge Crain has found you not guilty of 'Careless Driving' and guilty of 'Failure to Drive within Lane' and assessed a fine in the amount of $180.00." The trial court then amended the original citation by interlineation, crossing out the words "Careless

Driving" and writing above that "Flr to drive w/i lane" and altering the statutory reference from ORS 811.135 to ORS 811.370.

■ ■     On appeal, defendant argues that the trial court erred in altering the charge against him without giving him notice and an opportunity to prepare a defense against that charge. In the alternative, he argues that the trial court erred in finding him guilty of the offense of failure to drive within a lane.

As noted, the state concedes that the trial court erred in amending the citation after the trial. The state argues that the appropriate remedy, however, is not to reverse the judgment of the trial court. According to the state, ORS 153.048(3) provides the court with the authority to amend the traffic citation. Consequently, it argues, we should simply remand for a new trial on the amended citation.

The initial question is whether the court could find defendant guilty of a violation for which defendant had not received notice or an opportunity to prepare a defense. The state concedes that the court could not do so without violating fundamental rights of due process. We agree. *De Jonge v. Oregon*, 299 US 353, 362, 57 S Ct 255, 81 L Ed 278 (1937) ("Conviction upon a charge not made would be sheer denial of due process."); *The Grog House v. OLCC*, 12 Or App 426, 432, 507 P2d 419 (1973) ("[N]otice and an opportunity to prepare a defense are the requirements of due process * * *.").

The remaining question is the appropriate remedy. The state argues that, because the trial court had discretion to amend the citation, we should simply remand for a new trial on that charge. We are not persuaded. ORS 153.048(3) does provide that a trial court "may amend a [traffic] complaint in its discretion." But that provision is part of a larger set of statutes that include specific requirements for a lawful traffic complaint. Among other things, another provision requires that the complaint include a certification by the enforcement officer issuing the complaint "that the enforcement officer has sufficient grounds to believe, and does believe, that the person named in the complaint committed the violation specified in the complaint." ORS 153.045(5).

In this case, the original traffic citation that constitutes the complaint contains the required certification by the issuing enforcement officer that defendant committed the offense of careless driving. There is no certification from that officer that defendant committed any other offense; there is only the trial court's interlineation of the new offense of failure to drive within a lane. It would seem to us that the amendment is, as a result, of no effect and provides no basis for a new trial.

Especially instructive to us in that regard is our recent decision in *State v. Thomas*, 221 Or App 1, 188 P3d 444 (2008). In that case, the state argued that a parallel statute, ORS 133.069(4), which provides that "[a] court may amend a [criminal] complaint at its discretion," authorized a trial court to alter a uniform criminal citation and complaint to cure certain defects in its preparation. We first noted that there was no indication from the record that the trial court actually had done that. *Id.* at 8. In any event, we stated, although the statute authorizes a court to amend a complaint, it also provides that a valid complaint requires a certification of the underlying facts by the citing peace officer. *Id.* at 7-8, 9 (citing ORS 133.069(1)). There was no indication, we noted, that the trial court had complied with that requirement. *Id.* at 9.

The same reasoning is applicable to this case and to the directly analogous statute. Accordingly, there is no basis for us to remand this case for a new trial, as the state suggests.

Reversed.