Submitted March 22, convictions for first-degree sexual abuse on Counts 7 through 10 reversed and remanded with instructions to merge the convictions on Counts 7 and 9 into a single conviction for first-degree sexual abuse and to merge the convictions on Counts 8 and 10 into a single conviction of first-degree sexual abuse; case remanded for resentencing; otherwise affirmed April 25, 2012

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BRYAN VINCENT WILLIAMS,
*Defendant-Appellant.*

Multnomah County Circuit Court
090130065; A143372

278 P3d 69

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Bryan Vincent Williams filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant, who was convicted of multiple counts of first-degree sexual abuse and first-degree sexual penetration of a 14-year-old, appeals, raising multiple assignments of error. Among them, he raises the unpreserved contention that the trial court erred in allowing a CARES witness to testify in a manner that supported the credibility of the victim. The CARES witness, a nurse practitioner, did not testify as to a diagnosis. The testimony in question concerned the witness's training and experience in evaluating children who were intoxicated at the time of the alleged abuse. The witness also mentioned that she gave the child's father recommendations for the child's future health and safety. We reject defendant's contention that any error of the trial court in allowing the testimony was plain under *State v. Southard*, 347 Or 127, 218 P3d 104 (2009), and *State v. Lupoli*, 348 Or 346, 234 P3d 117 (2010).

Defendant also makes the unpreserved contention that the trial court erred in failing to merge guilty verdicts on four of the different counts of sexual abuse. Specifically, defendant contends that the first-degree sexual abuse guilty verdicts on Counts 7 and 9 should merge into one conviction for first-degree sexual abuse, and that the first-degree sexual abuse guilty verdicts on Counts 8 and 10 should merge into one conviction for first degree-sexual abuse, because each pair of offenses involved the violation of the same statute by means of the same criminal act against the same victim. The state concedes plain error. The state's concession is well-founded, *State v. Parkins*, 346 Or 333, 211 P3d 262 (2009) (alternatives set out in the first-degree sexual abuse statute constitute different theories of first-degree sexual abuse rather than separately punishable offenses), and we accept the concession. Because the additional convictions on defendant's record would be significant, *State v. Ascencio-Galindo*, 220 Or App 600, 188 P3d 392, *rev den*, 345 Or 175 (2008), we exercise our discretion to correct the plain error.

Convictions for first-degree sexual abuse on Counts 7 through 10 reversed and remanded with instructions to

merge the convictions on Counts 7 and 9 into a single conviction for first-degree sexual abuse and to merge the convictions on Counts 8 and 10 into a single conviction of first-degree sexual abuse; case remanded for resentencing; otherwise affirmed.